### EX PARTE EARL McFARLANE.

#### No. 1069.  Decided February 8, 1911.

**Habeas Corpus—Bail—Jurisdiction—Want of Final Judgment.**

Where relator appealed from an order of court directing that the writ of habeas corpus be made returnable to the District Court of the county where the offense was alleged to have been committed and the indictment found, the same was not a final judgment, and the appeal must be dismissed for want of jurisdiction.

Appeal from the District Court of Galveston. Tried below before the Hon. Clay S. Briggs.

Appeal from an order of the district judge making writ of habeas corpus returnable to the county where the offense was committed.

The opinion states the case.

*Marsene Johnson,* for relator.

*C. E. Lane,* Assistant Attorney-General, and *Lane, Wolters, Storey & D. D. McDonald,* for the State.

HARPER, JUDGE.—Relator was indicted in Harris County, Texas, charged with the offense of murder. Bail was refused on application filed. Subsequently, on relator's application for a change of venue, the case was transferred to Galveston County. At the first term of court in Galveston County the case was continued on motion filed by the State. Relator then applied for a second writ of habeas corpus, which was granted and made returnable to the tenth District Court of Galveston County.

The State, by her district attorney, filed a contest, and requested the court to vacate or amend its order, making the writ returnable to the District Court of Harris County, the county where the offense is alleged to have been committed, and the county in which the indictment was returned. The court, upon hearing the contest, entered judgment, ordering that so much of the previous order making said writ of habeas corpus returnable before the District Court of the

Tenth District of Galveston County be vacated, and the original order was amended by directing that the writ of habeas corpus issued in said cause should be made returnable before the Criminal District Court in Harris County, Texas, on January 23, the court in which the indictment was returned.

From this order of the court, directing that the writ be made to the Criminal District Court of Harris County, this appeal is prosecuted, and motion is made by the Assistant Attorney-General to dismiss the appeal, on the ground that no final judgment has been entered on said application; that the order made is only an interlocutory order. In our opinion the motion should be sustained, and the appeal is dismissed.

*Dismissed.*